UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD GALKA,

       Plaintiff,                      Case No. 12-cv-10634
                                         HON. GEORGE CARAM STEEH

vs.

UNITED STATES DEPARTMENT
OF AGRICULTURE, RURAL
DEVELOPMENT AGENCY,

       Defendant.

_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#6]

This matter has come before the court on defendant's motion to dismiss, filed on April 26, 2012. A responsive brief was due on or before May 21, 2012. See E.D. Mich. L.R. 7.1(e)(1)(B); see also, Fed. R. Civ. P. 6(a)(1). To date, plaintiff has failed to file a response to defendant's motion to dismiss. For the reasons stated in defendant's motion to dismiss, the court GRANTS defendant's motion to dismiss.

In the motion to dismiss, defendant argues that plaintiff has failed to state a claim to quiet title in property located at 8583 Frederick in Washington, Michigan because the six month redemption period following the August 18, 2011 sheriff's sale of the property has expired. Here, all of plaintiff's rights in the property were extinguished when the redemption period expired on February 18, 2012, and he lacks standing to bring any claim with respect to the property. "The law in Michigan does not allow an equitable extension of the period

to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a <u>clear showing of fraud, or irregularity</u>."  <u>Overton</u>, 2009 WL 1507342, at *1(emphasis added)(citing <u>Schulthies</u> v. <u>Barron</u>, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)).  Further, plaintiff has not identified any basis for an equitable extension of the redemption period.

Additionally, plaintiff's claim that his due process rights were violated because 7 U.S.C. § 1981a entitles him to notice of the option to seek a moratorium on payments if a loan is accelerated is similarly without merit.  The Sixth Circuit Court of Appeals has ruled that "nothing in the text of §1981a or its legislative history [] requires the Secretary to formally notify the borrower that deferral is available." <u>Ramey</u> v. <u>Block</u>, 738 F. 2d 756, 762 (6th Cir. 1984); <u>see also</u>, <u>Lundstrum</u> v. <u>Lyng</u>, 954 F. 2d 1142, 1147 (6th Cir. 1991) ("[The agency]'s failure to inform a borrower of his or her rights to consolidation, rescheduling, or deferral  [under 7 U.S.C. § 1981a] may not be challenged as a due process violation.").

Accordingly,

Defendant's motion to dismiss is GRANTED.

This action is dismissed.

SO ORDERED.

Dated:  May 29, 2012

                                            <u>S/George Caram Steeh</u>
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 29, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk